IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THIRTY-FOUR MARKETPLACE, LLC,       *

    Plaintiff,                      *

    v.                              *   CIVIL NO.: WDQ-14-3003

EUPHORIA FOOD GROUP LLC,            *
et al.,
    Defendants.                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Thirty-Four Marketplace, LLC ("34 Marketplace") sued Euphoria Food Group LLC ("Euphoria") and Philip D. Hartman, Jr., (together, the "Defendants") for breach of contract. ECF No. 1.[1] Pending is 34 Marketplace's unopposed motion for summary judgment. ECF No. 20. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion will be granted.

---

[1] This Court has diversity jurisdiction because the parties are citizens of different states, and the amount in controversy exceeds $75,000. See ECF No. 1; 28 U.S.C. § 1332(a)(1).

I.    Background[2]

On March 11, 2010, 34 Marketplace and Euphoria entered into a ten-year commercial lease (the "Lease"), under which Euphoria agreed to operate a pizzeria-style restaurant called "Two Boots" in the "Power Plant Live!" area of Baltimore, Maryland. ECF No. 20-2 at 2. Hartman guaranteed full payment and performance of the Lease (the "Guaranty"). *Id.* at 52.

On July 21, 2011, 34 Marketplace sued Hartman for breach of the Lease and the guaranty. ECF No. 20-1 at 3; *see also Thirty-Four Marketplace, LLC v. Hartman*, Civil No. WMN-11-2015 (D. Md.) ("2011 Action"). 34 Marketplace alleged that Euphoria did not exist as an entity registered to do business in Maryland, Hartman had failed to pay rent when due, and Hartman had violated the Lease when he vacated the premises on May 14, 2011. *Hartman*, Civil No. WMN-11-2015 (D. Md. July 21, 2011) (ECF No. 1 ¶¶ 7-9).

---

[2] The facts are from the complaint and exhibits attached to the Plaintiff's motion. ECF Nos. 1, 20. "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (internal quotation marks omitted); *see Maryland v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 462 (D. Md. 2012) *aff'd*, 729 F.3d 370 (4th Cir. 2013). "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment . . . ." *Custer*, 12 F.3d at 416.

On October 19, 2012, the parties entered into an agreement (the "Settlement Agreement") resolving the 2011 Action. ECF No. 20-3 at 2. In the Settlement Agreement, the Defendants agreed to pay 34 Marketplace an initial sum of $20,000 on or before December 1, 2012. Id. at 2 ¶ 2.[3] The Defendants further agreed to pay 34 Marketplace $248,685.37 plus interest at an annual rate of four percent, in 60 monthly $4,579.92 installments. Id.[4] The parties agreed that those amounts (the "Settlement Amount") represented "a portion of the amounts due under the Lease," and $398,373.22 was the entire amount due (the "Stipulated Amount"). Id.; see also id. at 7. However, 34 Marketplace agreed to waive any unpaid portion of the Stipulated Amount above the Settlement Amount if the Defendants complied with the Settlement Agreement. Id. at 2 ¶ 2.[5] If the Defendants failed to comply, the full Stipulated Amount would become due, less any payments made toward the Settlement Amount. Id. Any amount owing more than

---

[3] The Defendants paid the $20,000 on March 1, 2013. ECF No. 20-5 at 6 (summary of payments by the Defendants).

[4] See also ECF No. 20-4 at 3 (Hartman's responses to 34 Marketplace's request for admissions) (Response No. 7: Hartman's admission that he had agreed to pay the Settlement Amount). From October 19, 2012 to July 31, 2015, the Defendants paid 10 $4,579.92 installments, a $70,012.81 liquidated damages payment, and $5,987.19 in late charges. ECF No. 20-5 at 6. The last $4,579.92 payment was made on August 19, 2014. Id.

[5] In addition to the Settlement Agreement, 34 Marketplace cites Hartman's Response Nos. 8-10. See ECF No. 20-1 at 4. However, those Responses are missing from the record. See ECF No. 20-4 at 3-4 (omitting Response Nos. 8-15).

10 days would incur a monthly late charge, calculated as the greater of five percent of the amount due, or $250. *Id.* at 3 ¶ 4. Unpaid sums would also bear interest at an eight percent annual rate. *Id.*

The Settlement Agreement also provided for future rent from November 2012 to June 30, 2020. *Id.* at 3 ¶ 3. If the tenant to whom 34 Marketplace had re-let the premises paid all sums due under the Lease until June 30, 2020, 34 Marketplace agreed to release the Defendants from liability for unpaid rent and for breaching the Lease. *Id.* If the tenant did not pay the full rent through June 30, 2020, the Defendants agreed to pay the shortfall. *Id.*[6]

On several occasions in 2013, 34 Marketplace notified the Defendants of their failure to make payments when due. *See* ECF Nos. 20-6, 20-7, 20-8, 20-9, 20-10, 20-11 (written notices of nonpayment).[7] On September 23, 2014, 34 Marketplace emailed Hartman and demanded the shortfall and the unpaid portion of the Stipulated Amount. ECF No. 20-12.[8]

---

[6] From November 1, 2012 to July 31, 2015, 34 Marketplace incurred a shortfall of $165,788.45. ECF No. 20-5 at 3 ¶ 6; *id.* at 7.

[7] *See also* ECF No. 20-13 ¶¶ 4-9 (affidavit of Robert C. Fowler, Esq., in-house counsel for 34 Marketplace, authenticating the written notices).

[8] *See also id.* ¶ 10 (authenticating the email).

Also on September 23, 2014, 34 Marketplace sued the Defendants for breach of the Settlement Agreement. ECF No. 1.[9] On March 2, 2015, the Defendants answered the complaint. ECF No. 11. On August 13, 2015, 34 Marketplace moved for summary judgment. ECF No. 20.[10]

II. Analysis

Under Maryland law,[11] to prevail in an action for breach of contract, 34 Marketplace must prove the existence of a contract, and the Defendants' breach of a contractual obligation. *RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 442 (Md. 2010); *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)).

---

[9] 34 Marketplace seeks the following damages: (1) the Stipulated Amount ($398,373.22); (2) interest ($4,921.07 through July 31, 2015); (3) late charges ($38,542.54); and (4) the shortfall ($165,788.42 through July 31, 2015); less (5) the amount paid to date ($141,799.20); for (6) a total of $465,826.05. ECF Nos. 20-1 at 6; 20-5 at 5. 34 Marketplace also seeks attorney fees and costs. ECF Nos. 1 at 5; 20 at 1; *see also* ECF No. 20-3 at 4 ¶ 7 (providing for reasonable attorney fees and costs incurred in connection with the any breach of the Settlement Agreement, or to enforce the Settlement Agreement).

[10] The Defendants' response was due on August 31, 2015; to date, the Defendants have not responded. *See* Docket.

[11] Maryland law applies, because Maryland is the forum state, and the Settlement Agreement contained a choice-of-law provision stating that Maryland law would apply. *See Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 696 (D. Md. 2011); *Henry v. Gateway, Inc.*, 979 A.2d 287, 297 (Md. Ct. Spec. App. 2009) ("Maryland appellate courts have long recognized the ability of parties to specify in their contracts which state's law will apply."); *see also* ECF No. 20-3 at 5 ¶ 10 (Choice-of-Law provision).

Here, it is undisputed that the parties entered into the Settlement Agreement, which stated that the Defendants owed 34 Marketplace the Stipulated Amount.[12] It is also undisputed that, in the Settlement Agreement, the Defendants agreed (1) to pay the Settlement Amount, in part, in monthly $4,579.92 payments,[13] (2) that failure to make monthly payments would trigger the Defendants' obligation to pay the Stipulated Amount (less any payments made towards the Settlement Amount, plus interest and late charges);[14] and (3) to pay any shortfall under the Lease until June 30, 2020.[15] Additionally, it is undisputed that the Defendants have not made timely $4,579.92 payments, and have not made any monthly payments since August 19, 2014.[16] Because the facts establishing breach of the Settlement Agreement are undisputed, 34 Marketplace's motion for summary judgment must be granted.

---

[12] ECF Nos. 20-3 at 2.

[13] *Id.* at 2 ¶ 2; 20-4 at 3.

[14] ECF No. 20-3 at 2 ¶ 2, 3 ¶ 4.

[15] *Id.* at 3 ¶ 3.

[16] *See, e.g.*, ECF No. 20-5 at 6.

III. Conclusion

For the reasons stated above, 34 Marketplace's motion for summary judgment will be granted.  Judgment will be entered for 34 Marketplace in the amount of $465,826.05 through July 31, 2015 (plus post-judgment interest).

\_\_\_1/12/16_____        \_\_\_\_/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge